**ADEES CORPORATION,**
Plaintiff—Appellant,

v.

**AVIS RENT A CAR SYSTEM, INC.,**
Defendant—Appellee.

No. 03–57227.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Sept. 16, 2005.

Sandra G. Wickland, Law Offices of Peter A. Singler, Sebastopol, CA, for Plaintiff–Appellant.

Jonathan Solish, Jenkens & Gilcrist, Los Angeles, CA, for Defendant–Appellee.

Before SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,* Senior Judge.

## MEMORANDUM**

Adees Corporation appeals the district court's grant of summary judgment in favor of Avis Rent A Car System, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review de novo the district court's decision to grant or deny summary judgment. *United States v. Alameda Gateway Ltd.*, 213 F.3d 1161, 1164 (9th Cir.2000). Because the parties are familiar with the facts, we will not recount them here in detail except as necessary. Adees alleges that the Agency Operator Agreement is a franchise agreement as defined by the California Franchise Relations Act ("CFRA"), and therefore, that Avis must have good cause to terminate the agreement pursuant to CFRA § 20020. The parties agree that whether or not the Agency Operator Agreement represents a franchise agreement depends centrally on whether Adees pays Avis, "directly or indirectly, a franchise fee." Cal. Bus. & Prof.Code § 20001(c).

■ Adees argues that under the Agency Operator Agreement it pays two franchise fees to Avis. Adees contends that a $0.20 per car per day fleet surcharge that Avis deducts from Adees's commission constitutes a franchise fee. We agree with the district court that the fleet surcharge is not a franchise fee. Adees received something of value in exchange for the fleet surcharge, namely the use of Avis's cars and thus the opportunity to receive a commission based on the rental of those cars. Furthermore, Adees retained the option of returning any excess cars to Avis, thus avoiding any fleet surcharge on those returned cars. Adees was not required to pay a capital investment, pay for inventory, or purchase goods or services from Avis. Finally, Adees placed none of its own money at risk because under their agreement, Avis deducted the fleet surcharge from commissions paid by Avis to Adees. If Adees did not receive any rental commission on any cars, it would not have to pay any fleet surcharges to Avis.

■ Similarly, Adees's argument that the fuel surcharge percentage split constitutes a franchise fee also fails. The refueling surcharge percentage split is not a cost Adees must pay to enter into business with Avis. Indeed, it is not an outlay of Adees's funds at all. The refueling surcharge is part and parcel of the entire income stream related to the business of renting cars, a business made possible in this case because of Avis's provision of cars to Adees. As the district court recognized, Avis's retention of a percentage of the refueling surcharge income stream does not convert that surcharge into a royalty fee for the right to do business.

---

* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

4

Since neither the fleet surcharge nor the refueling surcharge percentage split constitutes a franchise fee under the terms of the CFRA, no franchise relationship existed between Adees and Avis. Accordingly, the Agreement's thirty day notice of termination provision was permissible.

AFFIRMED.